IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-62,552-04




EX PARTE TOMMY LYNN SELLS




ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION TO STAY THE EXECUTION
FROM CAUSE NO. 8759-D IN THE 63RD JUDICIAL DISTRICT COURT
VAL VERDE COUNTY



           Per Curiam. Alcala, J., filed a concurring statement with which Johnson,
J., joined. Price, J., dissented.

O R D E R

           This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion to stay
applicant’s execution.
           In September 2000, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant’s punishment at death. This
Court affirmed applicant’s conviction and sentence on direct appeal. Sells v. State, 121
S.W.3d 748 (Tex. Crim. App. 2003). 
           Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on January 30, 2003. This Court denied applicant relief. Ex parte Sells, No.
WR-62,552-01 (Tex. Crim. App. Aug. 31, 2005)(not designated for publication). Applicant
filed his first subsequent writ application in the trial court on August 17, 2006, and this Court
later dismissed it. Ex parte Sells, No. WR-62,552-02 (Tex. Crim. App. May 23, 2007)(not
designated for publication). Applicant filed his second subsequent writ application in the
trial court on September 15, 2010, and this Court later dismissed that application. Ex parte
Sells, No. WR-62,552-03 (Tex. Crim. App. Dec. 15, 2010)(not designated for publication). 
Applicant filed this his third subsequent writ application in the trial court on March 26, 2014.
           In his application, applicant raises three claims for relief which were or should have
been litigated previously. However, applicant states that the ineffective assistance of initial
habeas counsel resulted in these claims being procedurally barred, and he urges this Court
to re-visit Ex parte Graves, 70 S.W.3d 103 (Tex. Crim. App. 2002), and modify its
precedents in response to the recent decisions of the United States Supreme Court in
Martinez v. Ryan, 132 S.Ct. 1309 (2012), and Trevino v. Thaler, 133 S.Ct. 1911 (2013). 
           After reviewing the application, this Court has determined that applicant has failed
to meet the dictates of Article 11.071, § 5. Accordingly, we dismiss the application as an
abuse of the writ without considering the merits of the claim, and we deny applicant’s motion
to stay his execution.
           IT IS SO ORDERED THIS THE 31st DAY OF MARCH, 2014.
Do Not Publish